# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PAUL DOUGLAS STANNARD and<br>KIMBERLY ANN STANNARD<br><br>v.<br><br>NATIONAL INDOOR RV CENTERS, LLC | §<br>§<br>§ Civil Action No. 4:18-CV-00366<br>§ Judge Mazzant<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss or Abate (Dkt. #4). The Court, having considered the relevant pleadings, finds that Defendants' motion should be granted in part.

## BACKGROUND

On December 28, 2016, Plaintiffs Paul and Kimberly Stannard purchased a new Newmar Mountain Aire motorhome (the "Motorhome") from Defendant National Indoor RV Centers, LLC ("NIRVC"). Newmar Corporation ("Newmar") is the manufacturer of the Motorhome, and NIRVC is the seller/dealer. NIRVC is a Texas Limited Liability Company whose primary place of business is located in Plano, Texas. Newmar is an Indiana corporation with its principal place of business in Nappaneee, Indiana. Shortly after the purchase, Plaintiffs installed a brake controller and discovered that the undercarriage was filled with rust.

On January 25, 2018, Plaintiffs filed suit in the Northern District of Indiana against Newmar and NIRVC, alleging claims for (1) violations of the Magnuson-Moss Warranty Act, (2) violations of the Texas Deceptive Trade Practices Act ("DTPA"), (3) breach of expres warranty contract, (4) breach of implied warranty, and (5) negligence and negligent misrepresentation (Dkt. #4, Exhibit A). On March 21, 2018, NIRVC filed a Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #4, Exhibit B). Plaintiffs consented to the dismissal without prejudice to pursue

their claims against NIRVC in a Texas court (Dkt. #6, Exhibit 3). On May 8, 2018, the Indiana district court dismissed NIRVC from the Indiana Action from lack on personal jurisdiction.

On May 17, 2018, Plaintiffs filed their Original Complaint against NIRVC in the Eastern District of Texas, asserting claims for (1) violations of the DTPA, (2) fraud and concealment, (3) misrepresentation, (4) breach of contract, (5) negligent repair, and (6) revocation of acceptance (Dkt. #1). On June 8, 2018, NIRVC filed the present Motion to Dismiss or Abate based on the "first-to-file" rule and based on Plaintiffs' failure to exhaust their remedies under the DTPA and Texas Occupations Code § 2301.607 ("Texas Lemon Law") (Dkt. #4). On June 22, 2018, Plaintiffs filed a response (Dkt. #6). In their response, Plaintiffs do not contest that they failed to satisfy the notice requirements of the DTPA, and therefore, consent to the abatement of this suit pending Plaintiffs compliance with the DTPA notice requirement. *See* TEX. BUS. & COM. CODE § 17.505. Plaintiffs have since sent NIRVC the required DTPA notice (Dkt. #9) (certifying NIRVC was served on June 14, 2018). On June 29, 2018, NIRVC filed a reply to its motion to abate (Dkt. #7).

## LEGAL STANDARD

### I. "First-to-File" Rule

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Huntsman Corp. v. Int'l Risk Ins. Co.*, No. CIV.A. 1:08-CV-029, 2008 WL 1836384, at *5 (E.D. Tex. Apr. 22, 2008) (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)). A second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file rule. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999). This role is to decide whether the moving party in the

second-filed court has demonstrated a "substantial overlap" between the two suits. *Id*. If the moving party satisfies this overlap requirement, the second-filed court allows the first-filed court to "resolve the question of whether both [cases] should be allowed to proceed." *Id*. "Therefore, the first-to-file rule not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Huntsman*, 2008 WL 1836384, at *5 (citations omitted).

The first-to-file rule does not apply where the first suit is brought in anticipation of the second suit. *See American Reliable Ins. Co. v. Arrington*, 269 F. Supp. 2d 758, 760 (S.D. Miss. 2003); *California Sec. Co-op, Inc. v. Multimedia Cablevision, Inc.*, 897 F. Supp. 316, 319 (E.D. Tex. 1995). However, "the question of whether the first-filed action was an improper anticipatory filing is for the first-filed court to determine." *Huntsman*, 2008 WL 1836384, at *5 (citing *Street v. Smith*, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006)).

## II. Texas Lemon Law

Section 2301.607 of the Texas Occupation Code states that "A refund or replacement under this subchapter because a motor vehicle is alleged not to conform to an express warranty is not available to the owner of the vehicle unless the owner has exhausted the administrative remedies provided by this chapter." TEX. OCC. CODE ANN. § 2301.607. An agency has exclusive jurisdiction over the initial determination in a dispute when statutes or regulations indicate that the legislature intended the administrative process to be the exclusive means for addressing the relevant issue. *Irwin v. Country Coach Inc.*, No. 4:05-CV-145, 2006 WL 278267, at *3 (E.D. Tex. Feb. 3, 2006) (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002)). "When an agency has exclusive jurisdiction, a party must exhaust administrative

3

remedies before bringing suit." *Id.* "Whether an agency has exclusive jurisdiction is a question of law." *Id.*

## ANALYSIS

### I. "First-to-File" Rule

Here, the first action was filed on January 25, 2018, in the Northern District of Indiana (Dkt. #4, Exhibit A). As the second-filed court, the Court's limited role is to determine whether there is substantial overlap between the two suits. "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997) (quoting *TPM Holdings, Inc. v. Intra–Gold Indus., Inc.,* 91 F.3d 1, 4 (1st Cir.1996)).

Although there are similar claims that arise out of similar operative facts, the Court finds that the two cases do not substantially overlap. The cases involve different defendants and the claims are not identical. The Indiana suit asserts causes of action against Newmar, the manufacturer, while the Texas suit asserts causes of action again NIRVC, the seller. Furthermore, the claims are uniquely asserted against them based on their role with respect to the Motorhome transaction.

*Hart v. Donostia LLC* is a comparable case where the court also found the cases did not substantially overlap. 290 F. Supp. 3d 627 (W.D. Tex. 2018). In that case, several Jimmy John's Assistant Store Managers ("ASM(s)") filed a nationwide collective action against corporate Jimmy John's entities responsible for entering into franchise agreements, as well as the franchisees that own and operate stores where the plaintiffs worked. *Id*. at 630–31. The plaintiff in the subsequent action, was an opt-in plaintiff in the collective action. *Id*. In the subsequent action, the plaintiff

filed suit against one owner of various Jimmy John's franchises, including the one that the plaintiff worked as an ASM. *Id*. Unlike the nationwide collective action, the Jimmy John's corporate entities were not defendants in the subsequent case, and the franchise owner was not a party to the collective action. *Id*. Furthermore, in the subsequently filed case, the plaintiff sued the Defendant as a direct employer rather than as a joint employer. *Id*. The court found the two cases distinguishable and did not substantially overlap. *Id*. at 632.

> The core issue in this case is whether [a Jimmy John's franchisee] is liable for FLSA violations as Plaintiff's direct employer. By comparison, the core issue in the [collective action] is whether the Jimmy John's franchisor entities are liable for FLSA violations as Plaintiff's joint employer. As such, the allegations in this case primarily focus on acts taken by Defendant rather than acts taken by the franchisor entities.

*Id.* (citing *BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F.Supp.2d 703, 709 (N.D. Tex. 2009) (concluding that two cases did not substantially overlap where the cases arose from the same events but involved allegations against different parties)).

Lastly, transfer to the Indiana court is not feasible as it previously ruled it did not have personal jurisdiction over NIRVC. *Contrast with Burger v. Am. Mar. Officers Union*, 170 F.3d 184, 1999 WL 46962 at *3 (5th Cir. 1999) ("The district court should have either granted a stay or dismissed the claims against BSM and Avondale without prejudice. In that way, if the Eleventh Circuit had reversed the Florida district court's jurisdiction ruling, the district court could have dismissed with prejudice, and . . . [if] the Eleventh Circuit affirmed the jurisdiction ruling, the district court could have lifted the stay or entertained a new action brought by [Plaintiff] and proceed to evaluate the claims on the merits, assuming it could exercise personal jurisdiction over the parties."). Even if there is some overlap in the issues, this Court has the latitude to exercise jurisdiction "because the possibility would remain that the dominant issues might ultimately turn

out to be distinct in each suit." *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). Accordingly, the Court declines to dismiss or stay the case based upon the "first-to-file" rule.

**II.   Texas Lemon Law**

NIRVC asserts that Plaintiffs' failure to exhaust their administrative remedies under Texas Lemon Law bars Plaintiffs' claims for breach of contract, violations of the DTPA, negligent repair, and Plaintiffs' request for a refund i.e. revocation of acceptance. TEX. OCC. CODE ANN. § 2301.607. Although Plaintiffs consent to the abatement of this suit pending their compliance with the DTPA notice requirement, Plaintiffs do not address this agreement in their response. Local Rule CV-7(d) provides as follows:

> **Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.

Local Rule CV-7(d). Since Plaintiffs do not respond to NIRVC's argument regarding the Texas Lemon Law administrative remedies, the Court will assume that Plaintiffs do not controvert the facts set out by NIRVC related to that argument.

The Court finds that the Texas legislature has clearly expressed its intention that the Texas Motor Vehicle Commission (the "Board") exercise exclusive original jurisdiction over Texas Lemon Law claims. The Texas Lemon Law requires a consumer to bring a claim before the Board "not later than six months after the earliest of: (1) the expiration date of the express warranty term; or (2) the dates on which 24 months or 24,000 miles have passed since the date of original delivery

of the motor vehicle to an owner." TEX. OCC. CODE ANN. § 2301.606(d).[1] As NIRVC contends, and Plaintiffs do not contest, Plaintiffs have not exhausted their administrative remedies with the Board.

However, the Court is of the opinion that Plaintiffs' failure to initiate the administrative proceedings as required by the Texas Occupations Code merely precludes Plaintiffs from seeking certain administrative remedies—"chiefly, compulsory vehicle replacement or refund—and administrative proceedings before the Department are the exclusive means for obtaining those remedies." *Keystone RV Co. v. Texas Dep't of Motor Vehicles*, 507 S.W.3d 829, 833 (Tex. App.—Austin 2016) (internal citations omitted). *See generally* TEX. OCC. CODE ANN. §§ 2301.701–.713; *see also id.* § 2301.607(a) ("A refund or replacement under this subchapter because a motor vehicle is alleged to not conform to an express warranty is not available to the owner of the vehicle unless the owner has exhausted the administrative remedies provided by this subchapter.").

"A consumer who is injured by a dealer or manufacturer's false or deceptive advertising, may either complain to the Board or sue under the Texas Deceptive Trade and Practices Act." *Rubin v. Daimlerchrysler Corp.*, No. CIV.A. H044021, 2005 WL 1214605, at *11 (S.D. Tex. May 20, 2005) (abbreviation omitted); *see* TEX. OCC. CODE ANN. §§ 2301.204(a-d), 2301.801; TEX. BUS. & COM. CODE § 17.50(a) (providing DTPA claim for economic damages and mental anguish damages for "false, misleading, or deceptive acts or practices"). Section 2301.805 states:

(a) Notwithstanding any other law, including [the DTPA], in addition to the other remedies provided by this subchapter, a person may institute an action under [the DTPA] . . . if the person (1) has sustained damages as a result of a violation of Sections 2301.351-2301.354 or Section 2301.357.

(b) In an action brought under this section, and in the interest of judicial economy and efficiency, a judgment entered in the action must give deference to the findings of

---

[1] The parties have not presented any evidence or argument of the precise time period of any express warranty at issue or the latest date Plaintiffs could bring their Lemon Law claim before the Board.

fact and conclusions of law of the board contained in any final order that is the basis of the action.

TEX. OCC. CODE ANN. § 2301.805; *see id.* § 2301.351 (a dealer may not "(1) violate a board rule; (2) aid or abet a person who violates this chapter; or (3) use false, deceptive, or misleading advertising."). Accordingly, the Court finds that Plaintiffs' potential Texas Lemon Law claim, including their claim for revocation of acceptance, are dismissed without prejudice.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss or Abate (Dkt. #4) is hereby **GRANTED in part**. Plaintiffs' claims for violation of the Texas Lemon Law are **DISMISSED without prejudice**.

It is further **ORDERED** that the action is **ABATED** and will remain in abatement until sixty (60) days after the date Plaintiff provides Defendant with proper pre-suit notice as required under § 17.505 of the Texas Business and Commercial Code (DTPA notice requirement). The parties are ordered to file a joint status report regarding the status of the completion of this requirement no later than thirty (30) days from the date of this order.

**SIGNED this 27th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE